IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| | CRIMINAL ACTION FILE NO. |
| v. | 1:19-CR-00294-WMR-RGV-1 |
| KYLE C. SIMS, | |
| Defendant. | |

### ORDER

This matter is before this Court on the Magistrate Judge's Final Report and Recommendation ("R&R") [Doc. 179]. The R&R recommends that Defendant Kyle C. Sims's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. 107] be denied. [Doc. 179]. Defendant objected to the R&R. [Doc. 181]. After due consideration to the R&R [Doc. 179], Defendant's Objections [Doc. 181], controlling law, and relevant parts of the record, this Court **OVERRULES** the Objections [Doc. 181] and **ADOPTS** the R&R's recommendation [Doc. 179]. Accordingly, Defendant's Motion [Doc. 107] is **DENIED**.

1

I.   FACTUAL BACKGROUND

Defendant pled guilty to unlawful transport of firearms in violation of 18 U.S.C. § 922(g)(1). [Doc. 86]. In exchange, the remaining counts within the indictment were dismissed. [*Id.*]. Defendant was subsequently sentenced to 100 months in custody, followed by 3 years of supervised release. [*Id.*]. The plea agreement included a limited waiver of appeal, waiving Defendant's right to appeal except with regard to "an upward departure or upward variance above the sentencing guideline range as calculated by the District Court . . . [or] [c]laims that the Defendant's counsel rendered constitutionally ineffective assistance . . . ." [Doc. 61-1 at 12–13].

Before Defendant entered his guilty plea, he discussed the plea agreement and the sentencing guidelines with his counsel, Byron Conway. [Doc. 175 at 5, 10, 28]. During this discussion, Conway estimated Defendant's guideline range would be between 57 and 70 months. [Doc. 175 at 5–6, 10, 47]. After Defendant pled guilty but prior to the sentencing hearing, Conway and Defendant reviewed the pre-sentencing report together. [*Id.* at 9]. The presentence report contained two sentencing enhancements that Defendant ultimately challenged, a two-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(4)(A), which applied if a firearm was stolen, and a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B), which applied if a defendant possessed a firearm in connection with another felony offense.

[Doc. 80 at 5–10]. Conway testified[1] that he discussed the possibility of these sentencing enhancements applying prior to Defendant's guilty plea, but Defendant testified that he was surprised to see the four-point enhancement for selling a firearm in connection with another felony offense in the presentencing report. [Doc. 175 at 10, 47]. Conway then told Defendant that his sentencing guideline could be raised to 100 months if the enhancements applied, but said that he believed neither enhancement would apply. [*Id.* at 11]. Conway filed a memorandum on behalf of Defendant objecting to the sentencing enhancements. [Doc. 80]. The Court ultimately sustained Defendant's objection to the two-point enhancement, but overruled the objection to the four-point enhancement, before sentencing Defendant to 100 months in custody. [Doc. 98 at 15, 28].

Defendant and Conway did not meet after the sentencing, and Conway did not attempt to get in contact with Defendant. [*Id.* at 12–13]. Conway testified that while he will often check in on a defendant who pled guilty after a sentencing, he does not generally ask a client like Defendant about whether to appeal because he already discussed the appeal waiver. [*Id.* at 49]. But, Defendant testified that he attempted to get in contact with Conway to express his wish to appeal. [*Id.*]. Defendant reported that he first sent a letter addressed to Conway at the Federal Defender's office. [*Id.*

---

[1] The testimony referred to in this Order occurred during a § 2255 Motion Hearing before the Honorable Russell G. Vineyard on September 20, 2022. [Doc. 175].

at 15–16]. Then, Defendant testified that he told Conway he wanted to appeal on a three-way call with his friend. [*Id.* at 15, 17].

Conway testified that he has no memory of Defendant expressing a desire to appeal, either through a letter or a call. Neither Defendant nor Conway have a copy of the letter. [*Id.* at 21]. The letter would have arrived at the Federal Defender's office during the Covid-19 pandemic, when most of the attorneys were working from home. [*Id.* at 39]. But, Conway testified that there was a receptionist who went to the office every day despite the pandemic and that he would come to the office every other week to check his mail during this time. [*Id.* at 27, 52]. Conway testified that he not only searched Defendant's file for the letter, but also searched the files of every case he's had since joining the Federal Defender's office in Atlanta. [*Id.* at 38–39]. Conway later testified that he did not find any records memorializing Defendant requesting an appeal on a three-way call and stated that he would not have discussed whether Defendant wanted to appeal his case on a call with a third party due to privilege concerns. [*Id.* 36–37, 42]. Lastly, Conway stated that if Defendant had expressed a wish to appeal, he would have discussed the appeal waiver with Defendant and filed a notice of appeal if Defendant wished to proceed. [*Id.* at 39].

4

## II. LEGAL STANDARD

### A. Review of R&R

In reviewing a magistrate's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). As to the portions of the R&R that are not specified in an objection, the district court need only satisfy itself that there is no clear error on the face of the record. *Butler v. Emory Univ.*, 45 F. Supp. 3d 1374, 1382 (N.D. Ga. 2014). "Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). Plaintiff filed objections to the R&R, so the Court reviews the challenged portions of the R&R de novo.

### B. 28 U.S.C. § 2255 Motion

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v Frady*, 456 U.S. 152, 166 (1982).

## III. DISCUSSION

Defendant argues that his counsel provided ineffective assistance by failing to file a notice of appeal. The Sixth Amendment guarantees criminal defendants to "reasonably effective legal assistance." *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2000). "A defendant claiming ineffective assistance of counsel must show (1) that counsel's representation fell below an objective standard of reasonableness and (2) that counsel's deficient performance prejudiced the defendant . . . ." *Id.* at 476–77 (internal quotations marks and citations omitted). "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* at 477. When this occurs, "prejudice is presumed with no further showing from the defendant of the merits of his underlying claims." *Garza v. Idaho*, 139 S. Ct. 738, 750 (2019) (internal quotation marks omitted).

When the defendant has not requested an appeal, the next question is whether counsel "consulted with the defendant about an appeal" by advising him "about the advantages and disadvantages of taking an appeal[ ]and making a reasonable effort to discover the defendant's wishes." *Flores-Ortega*, 528 U.S. at 478. If not, the Court must determine whether counsel "had an affirmative duty to consult" with the defendant concerning an appeal. *Thompson v. United States*, 504 F.3d 1203, 1207 (11th Cir. 2007). Last, the Court must consider whether the defendant has shown

prejudice, meaning "that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Flores-Ortega*, 528 U.S. at 484.

The Magistrate Court recommends concluding that Defendant did not instruct Conway to file an appeal and that Conway did not have an affirmative duty to consult with Defendant about appealing. [Doc. 179 at 10–11]. Defendant argues that this Court should instead credit Defendant's testimony that he requested Conway to file a notice of appeal and that, regardless, the Court should conclude that Conway had an affirmative duty to consult with Defendant. [Doc. 181]. The Court agrees with the R&R and concludes that Conway did not provide ineffective assistance of counsel.

### A. Defendant Did Not Request an Appeal.

This Court must first address whether Defendant requested that Conway file an appeal. *See Flores-Ortega*, 528 U.S. at 477. Defendant testified that he asked Conway to file an appeal both in a letter mailed to Conway's office and during a three-way call. [Doc. 175 at 15–17]. Conway testified that he does not remember Defendant requesting an appeal and that, if he had, Conway would have discussed the appeal waiver with Defendant and subsequently filed a notice of appeal if Defendant wished to proceed. [*Id.* at 21, 39]. Neither Defendant nor Conway has a record of either the letter or the phone call. [*Id.* at 36–39, 42]. Importantly, Conway

7

searched every file in his office for the letter and searched not only his call logs, but also the call records of the Federal Defender's office for any mention of the three-way call. [*Id.*]. Conway also testified that he would not have discussed whether Defendant wanted to appeal on a three-way call due to privilege concerns. [*Id.* at 42].

Defendant first argues that absence of the letter is not dispositive because it was sent during the Covid-19 pandemic while Conway was not always in the office. But, Conway testified that a receptionist was at the office every day to receive letters and that he visited the office every other week to check his mail. [*Id.* at 27, 52]. Next, Defendant argues that Conway's testimony that he would not discuss substantive matters, like whether to appeal, on a three-way call with a client does not contradict whether Conway would take the call and that Defendant in fact asked him to appeal on a call. But, Conway also testified that if Defendant had asked for an appeal, he would have met with Defendant and filed the appeal. Defendant argues that the Court should not credit this statement because Conway could have heard Defendant's request and forgot to set up a meeting. But, the Court will not credit such speculation.

Instead, given Conway's seven years of experience in criminal defense at the time of Defendant's sentencing, it seems likely that Conway would have consulted with Defendant had he asked for an appeal. The Court also finds the absence of any records of the letter or call persuasive. Importantly, the only evidence that Defendant

8

requested an appeal are Defendant's self-serving statements. *Cf. Patel v. United States*, 252 Fed. Appx. 970, 975 (11th Cir. 2007) ("[Defendant's] self-serving statements appear to be a last-minute attempt to escape the preclusive effect of the appeal waiver."); *United States v. Howell*, No. 4:13-cr-33, 2017 U.S. Dist. LEXIS 225037, *15–16 (N.D. Fla. Aug. 20, 2017) ("Defendant has not shown that his assertions regarding the promises that were allegedly made are any more than self-serving statements that reflect his dissatisfaction with not having received any additional sentence reduction."). Accordingly, the Court finds Conway's testimony that Defendant did not request an appeal credible and concludes that Defendant did not ask for an appeal.

### B. Conway Did Not Have an Affirmative Duty to Confer with Defendant.

This Court must now consider whether Conway had an "affirmative duty" to consult with Defendant about the possibility of appeal. The "affirmative duty to consult" arises when "(1) any rational defendant would want to appeal; or (2) the defendant reasonably demonstrated an interest in appealing." *Thompson*, 504 F.3d at 1207. *See also Flores-Ortega*, 528 U.S. at 481 ("We expect that courts . . . will find, in the vast majority of cases, that counsel had a duty to consult with the defendant about an appeal."). As already discussed, this Court does not credit Defendant's testimony that he told Conway about his desire to appeal, and the Court sees no other indication in the record that Defendant "reasonably demonstrated" his

intention to appeal. Therefore, the only remaining question is whether "any rational defendant would want to appeal" under the circumstances.

When considering "whether a rational defendant would want to appeal his sentence, it is relevant to ask whether there are any potential non-frivolous grounds for appeal, whether there was a guilty plea, and whether the plea expressly waived the right to appeal." *Otero v. United States*, 499 F.3d 1267, 1271 (11th Cir. 2007). Here, Defendant pled guilty, he agreed to a broad appeal waiver, and the Court is unaware of any non-frivolous grounds for appeal.

Defendant's only stated reason for appealing is to challenge the Court's imposition of the four-point enhancement. But, any challenge to the imposition of an enhancement would be barred on appeal because it does not fall within the appeal waiver's exception for "an upward departure or upward variance above the sentencing guideline range as calculated by the District Court." [Doc. 61-1 at 13]. *United States v. Howard*, 27 F.4th 1367, 1369–70 (8th Cir. 2022) (concluding that an appeal waiver barred appellate review of a sentencing enhancement despite an exception for an upward variance or departure); *United States v. McLaughlin*, 813 F.3d 202, 204 (4th Cir. 2016) (concluding that appellate review of a sentencing enhancement was barred despite an exception for an "upward departure" because an enhancement "relates to the establishment of the advisory Guideline range"); *United States v. Gordon*, 780 Fed. Appx. 754, 760 (11th Cir. 2019) (concluding that an

appeal challenging a sentencing enhancement was barred by an appeal waiver with an exception for an "upward departure[] or variance" because the "appeal waiver permitted no exception for upward departures or variances from the 'correct guideline range.' Instead, it allowed an appeal when the district court departed or varied upwardly 'from *the advisory guideline range that the Court establishes at sentencing*'"). Therefore, any challenge to the imposition of the four-point sentencing enhancement would have been frivolous. *See, e.g., Otero*, 499 F.3d at 1271 ("[O]n account of the plea agreement's broad appeal waiver, any appeal taken by [defendant] would have been frivolous and would have been an appeal that no rational defendant would have taken.").

Defendant argues that this Court should not rely on the appeal waiver because the Government may not have invoked the waiver on appeal and the waiver does not apply to a challenge to the voluntariness of the guilty plea or appeal waiver itself. As an initial matter, the Court is not persuaded that Conway had an affirmative duty to consult because of the mere possibility that the Government would not invoke the appeal waiver. In support of this argument, Defendant cites to *Garza*, 139 S. Ct. at 745, which noted that "even a waived appellate claim can still go forward if the prosecution forfeits or waives the waiver" when deciding that "a defendant who has signed an appeal waiver does not, in directing counsel to file a notice of appeal, necessarily undertake a quixotic or frivolous quest." But importantly, *Garza* was

11

reviewing whether the presumption of prejudice applied despite an appeal waiver when the defendant requested the attorney to file a notice of appeal. In fact, *Garza* actually disclaims that it was not discussing "how to approach situations in which a defendant's wishes are less clear." *Id.* at 746 n.9. Accordingly, this Court does not find that *Garza* stands for the proposition that an appellate waiver is not relevant for purposes of determining whether "any rational defendant would want to appeal."

Moving on to Defendant's argument that the Court should find that Conway had an affirmative duty to consult despite the applicability of the appeal waiver, the Court first notes that Defendant has not made a specific argument that his plea was not knowing and voluntary or that he received ineffective assistance of counsel prior to entering the plea. The only potential argument that the Court can glean from the record is that Conway failed to adequately inform Defendant of the potential applicability of the four-point enhancement prior to his guilty plea.[2] But such an argument would be frivolous.

"When the defendant is informed of a mandatory minimum and maximum *statutory* sentence at his plea colloquy and sentenced within that range, we have determined that the failure to advise of a *Sentencing Guidelines* sentencing range is harmless error, as long as the defendant knew that the Sentencing Guidelines

---

[2] For purposes of this analysis, the Court will assume that Conway did not inform Defendant of the possibility of the four-point enhancement applying prior to the guilty plea. But, the Court notes that this fact is disputed in the record. [Doc. 175 at 10, 47].

12

existed and that they would affect his sentence." *United States v. Tyndale*, 209 F.3d 1292, 1295 (11th Cir. 2000). During the plea colloquy, Defendant acknowledged that he was aware of the mandatory minimum and maximum sentences, that he discussed the sentencing guidelines with his attorney, that he knew the "exact guidelines" would not be available until after the presentence report was created, and that the Court reserved the authority to impose a more severe sentence than the guidelines. [Doc. 133 at 18–19]. *See also United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) ("There is a strong presumption that the statements made during the colloquy are true."). Therefore, any possible challenge regarding Conway's failure to inform Defendant of the four-point sentence would be harmless at best and would not create an affirmative duty to consult with Defendant regarding his wish to appeal. Accordingly, the Court finds that Conway did not provide ineffective assistance by failing to file a notice of appeal.

**C. No Certificate of Appealability will Issue.**

Unless a certificate of appealability is issued, a defendant may not appeal a "final order in a proceeding under" § 2255. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or

13

that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted). This Court finds that reasonable jurists could not debate whether this motion "should have been resolve in a different manner," so a certificate of appealability is **DENIED**.

IV.   **CONCLUSION**

After considering the R&R, Defendant's Objections [Doc. 181] are **OVERRULED**. Thus, the Court hereby receives the R&R [Doc. 179] with approval and adopts its recommendation as the opinion and order of the Court. Accordingly, Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. 107] is **DENIED**.

SO ORDERED, this 12th day of February, 2024.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE

14